CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

MICHAEL JUNIOR AURSBY,  )  Civil Action No. 7:15-cv-00229
    Plaintiff,  )
  )
v.  )  **MEMORANDUM OPINION**
  )
VCU-MCV HEALTH SYSTEM  )
HOSPITALS AND PHYSICIANS,  )  By:   Hon. Michael F. Urbanski
    Defendant.  )      United States District Judge

Michael Junior Aursby, a Virginia inmate proceeding pro se, filed a civil rights action

pursuant to 42 U.S.C. § 1983, naming "VCU-MCV Health System Hospitals and Physicians" as

the sole defendant. To pursue a claim under § 1983, Plaintiff must establish that a person, acting

under color of state law, deprived him of a right secured by the Constitution and laws of the

United States. West v. Atkins, 487 U.S. 42, 48 (1988). Grouping multiple defendants under a

single moniker, like hospitals and physicians, cannot constitute a "person" subject to 42 U.S.C.

§ 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Ferguson v.

Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y.

June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for

purposes of § 1983). Because Plaintiff pursues an indisputably meritless legal theory by

describing an entity to represent disparate defendants, the complaint is dismissed without

prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court must dismiss an action or claim filed by an inmate if the court determines that the action or
claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2),
1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal
theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual
contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally
construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's
advocate, sua sponte correcting or developing statutory and constitutional claims not clearly raised in a complaint.
See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775
F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a
district court is not expected to assume the role of advocate for a pro se plaintiff).

**ENTER**: This 21st day of May, 2015.

/s/ Michael F. Urbanski

United States District Judge